**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1974
_____

XUE LIN ZHENG; MIN WU,
                                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A99 607 643, A99 607 644)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2011
Before:  SMITH, WEIS and GARTH, <u>Circuit Judges</u>

(Opinion filed: September 9, 2011)
_____

OPINION
_____

PER CURIAM

1

Ming Wu and Xue Lin Zheng, husband and wife, petition for review of an order of the Board of Immigration Appeals ("BIA") denying a motion to reopen their immigration proceedings. For the reasons that follow, we will deny the petition for review.

Wu and Zheng are natives and citizens of China. Wu entered the United States without inspection in 1999. In 2001, Zheng entered without inspection. They married after their arrival. In 2006, notices to appear were issued charging that Wu and Zheng are subject to removal from the United States for being present without having been admitted or paroled. Wu and Zheng conceded that they are removable as charged and applied for asylum, withholding of removal, and relief under the Convention Against Torture. Zheng was the primary applicant, claiming a fear of persecution based on China's family planning policies. Zheng and Wu had one child and Zheng was pregnant at the time of her immigration hearing. She believed she would be sterilized if removed to China. She also believed she would be penalized because she was smuggled out of China.

Finding no objective evidence supporting Zheng's fear of persecution, the Immigration Judge denied the applications for relief from removal. The BIA dismissed Zheng and Wu's appeal on April 2, 2008. We dismissed their petition for review for lack of jurisdiction because it was untimely filed. After one unsuccessful attempt to have the BIA reissue its decision for purposes of filing a timely petition for review, the BIA found counsel had mishandled their first petition for review, exercised its sua sponte authority, and reissued its decision so that it was deemed entered on June 16, 2009. We denied Zheng and Wu's subsequent petition for review on the merits. See C.A. No. 09-2936.

On June 1, 2010, Zheng and Wu filed a motion to reopen their proceedings. Wu, who is Christian, claimed that he faces persecution if removed because he mailed church materials to a house church in his village in China. He stated that local authorities raided the church, discovered the mailings, and issued a summons requiring him to report to the police. Wu stated that local authorities detained and beat up his father when he failed to report.

The BIA found the motion untimely because it was filed more than 90 days after the final administrative order was issued on June 16, 2009. The BIA also concluded that Zheng and Wu had not shown that their motion satisfies the exception to the 90-day time limit based on changed circumstances arising in their country of nationality. The BIA explained that the evidence did not show that conditions had worsened in China for members of unregistered Christian churches. Rather, the repressive conditions that currently exist are a continuation of the same policy in effect at the time of Zheng and Wu's hearing.

Alternatively, the BIA concluded that affidavits and letters by Wu and his family and other individualized evidence was not persuasive evidence of changed circumstances in China. The BIA found this evidence speculative and stated that it did not show that Wu would be persecuted. Finally, the BIA stated that Zheng and Wu had not shown that an exceptional situation exists that would warrant sua sponte reopening of the proceedings. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's

3

decision denying a motion to reopen for abuse of discretion and review its underlying factual findings for substantial evidence. Shardar v. Att'y Gen., 503 F.3d 308, 311 (3d Cir. 2007). We will uphold the denial of a motion to reopen unless the decision is arbitrary, irrational, or contrary to law. Id.

There is no question that Zheng and Wu's motion to reopen was filed beyond the 90-day time limitation for filing such a motion. See 8 C.F.R. § 1003.2(c)(2) (requiring that such a motion be filed no later than 90 days after the date on which the final administrative decision was rendered). As recognized by the BIA, the 90-day time limitation does not apply where an applicant seeks asylum based on changed circumstances arising in the country of nationality. Id. § 1003.2(c)(3). In order to have their motion considered, Zheng and Wu were required to present material evidence of changed country conditions that could not have been presented during their hearing before the IJ. Id; Shardar, 503 F.3d at 313.

Zheng and Wu dispute the BIA's conclusion that they did not establish changed conditions in China since their 2006 hearing. However, in their brief they have not cited to any evidence of record supporting their contention that country conditions have changed. As noted in the BIA's decision, the record reflects that religious-based arrests occurred in China prior to their initial hearing in 2006. In his own affidavit, Wu states that local police raided his house church and arrested the members present in 1999. In addition, the Government correctly states that the 2005 Department of State Report on China submitted in the initial proceedings reflects that officials sought to repress

4

unregistered religious groups and that, while authorities' handling of unregistered house churches varied by region, leaders and members were subject to detention. A.R. at 428, 445-47. Zheng and Wu have not shown that the record compels the conclusion that country conditions have changed or that the BIA's decision to deny reopening on this basis is arbitrary, irrational, or contrary to law.[1]

Zheng and Wu also challenge the BIA's alternative conclusion that the affidavits, letters, and other individualized evidence they submitted are not persuasive evidence of changed circumstances in China. We find it unnecessary to address these documents because they reflect an alleged change in Wu's personal circumstances, which, absent changed country conditions, do not excuse an untimely motion to reopen. See Liu v. Att'y Gen., 555 F.3d 145, 150-51 (3d Cir. 2009) (explaining that a contrary conclusion, which did not subject an alien citing changed personal circumstances to show changed country conditions, would not honor Congress's purpose to avoid abuse of the system). Wu's circumstances have allegedly changed as a result of his actions in mailing religious materials from the United States to a house church in his home village, not as a result of changed country conditions in China.

Accordingly, we will deny the petition for review.

---

[1]Although not mentioned by Zheng and Wu, we recognize that the record includes a 2008 article from the Christian Telegraph noting that human rights groups had stated that "the incidence of repression of Christian underground house churches in China in 2007 was 68.6% greater than in the year 2006." A.R. at 72. We find this article, which does not identify the human rights groups and is unsupported by any other evidence, insufficient to compel the conclusion that country conditions have changed.